**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **MAIN HASTINGS, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**HELEN OF TROY LTD. AND OXO INTERNATIONAL, LTD.**<br><br>    Defendants. | <br><br><br><br><br>**Case No. 2:10-cv-431**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.  Main Hastings, LLC, for its Complaint against Defendants Helen of Troy Ltd. and Oxo International, Ltd. (collectively "Defendants"), alleges, based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

## THE PARTIES

2.  Main Hastings, LLC (hereinafter "Plaintiff") is a Texas limited liability company.

3.  Plaintiff, as to the false marking claim, represents the United States and the public, including Defendant's existing and future competitors.

4.  On information and belief, Helen of Troy Ltd. is a Texas Limited Partnership, with its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas 79912. Helen of Troy can be served with process by serving its registered agent Gerald J. Rubin at its principal address.

5.  Defendant Oxo International, Ltd. is a Texas Limited Partnership, with its principal place of business at 1 Helen of Troy Plaza, El Paso, Texas 79912. Oxo International, Ltd. can be served with process by serving its registered agent Gerald J. Rubin at its principal address.

6. Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, themselves and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

7. The federal claim pleaded herein arises under 35 U.S.C. §292(b).

8. Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendants' products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

10. Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## BACKGROUND

11. This is an action for false patent marking under Title 35, Section 292, of the United States Code related to various types of kitchen utensils branded and distributed by Defendants and falsely marked, affixed, sold, offered for sale and/or advertised with three expired patents: Des. 332,034 titled "Vegetable Peeler", RE34,194 titled "Universal Handle for Hand-Held Implement", and RE37,190 titled "Universal Handle for Hand-Held Implement"

12. The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

13. Defendants have violated 35 U.S.C. § 292(a) by marking, affixing, or advertising unpatented articles with the purpose of deceiving the public. More specifically, Defendants, with

the purpose of deceiving the public, have marked, affixed, and/or advertised (and/or caused to be marked, affixed and/or advertised) their kitchen utensils with patent numbers that have expired.

14.     Defendants produced, sold, offered for sale and/or advertised unpatented products that bear the word "patent" and/or any word or number importing that the products are patented.

15.     The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.  Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

16.     False patent marking is a serious problem.  Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market.  False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.  False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.  Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can

result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.  False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

17. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

18. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

19. Defendants did not have, and could not have had, a reasonable belief that their products were properly marked.

20. Defendants are large, sophisticated companies.

21. Defendants have, or regularly retain, legal counsel.  Defendants have filed and obtained numerous patents for at least 20 years.

22. Defendants have experience applying for patents, obtaining patents, licensing patents and/or litigating in patent-related lawsuits.

23. Defendants know that a patent expires and that an expired patent cannot protect any product.  Yet even though Defendants' patent markings on their products are generally on removable or replaceable labeling, Defendants continue to mark their products with patents that are expired.  In the case of patent D 332,034, Defendants have continued to mark products with this patent even though it has been expired for almost 4 years.

24. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

25. Defendants' false marking of their products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

26. Defendants have wrongfully and illegally advertised patent monopolies which they do not possess and, as a result, have benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

27. Defendants marked, affixed, and/or advertised (or caused to be marked, affixed, and/or advertised) at least the products identified herein with the following expired patents: Des. 332,034 ("the '034 Patent"), RE34,194 ("the '194 Patent"), and RE37,190 ("the '190 Patent). True and correct copies of each patent are attached as Exhibits "1," "2," and "3" respectively.

28. The '034 Patent, titled "Vegetable Peeler," was filed in the United States on January 22, 1991 and issued on December 29, 1992.

29. The '194 Patent, titled "Universal handle for Hand-Held Implement," was filed in the United States on June 5, 1991 and issued on March 16, 1993. The '194 Patent is a reissue of U.S. Patent No. 4,974,286 ("the '286 Patent"). The '286 Patent was filed in the United States on March 26, 1990 and issued on December 4, 1990.

30. The '190 Patent, titled "Universal handle for Hand-Held Implement," was filed in the United States on December 4, 1992 and issued on May 29, 2001. The '190 Patent is a reissue of the '194 Patent, which is a reissue of the '286 Patent.

31. Any products or methods once covered by the claims of the '034, '194, and '190 Patents are no longer protected by the patent laws of the United States. When the patents expired, the formerly protected property entered the public domain. When a patent expires, all

monopoly rights in the patent terminate irrevocably and, therefore, a product marked with an expired patent is not "patented" by such expired patent.

32. Defendants knew that the '034 Patent expired, at the latest, on December 29, 2006.

33. Defendants knew that the '194 Patent expired, at the latest, on March 26, 2010.

34. Defendants knew that the '190 Patent expired, at the latest, on March 26, 2010.

35. Despite the fact that the claims of the '034 Patent are no longer afforded patent protection, Defendants marked, affixed and/or advertised (or caused to be marked, affixed and/or advertised) at least its OXO "Good Grips" Swivel Peeler with the '034 patent following its expiration date.  See Exhibits 10 and 11

36. Despite the fact that the claims of the '194 Patent are no longer afforded patent protection, Defendants marked, affixed and/or advertised (or caused to be marked, affixed and/or advertised) at least their OXO Nylon Balloon Whisk, their OXO "Steel" Ice Cream Scoop, and their OXO "Good Grips" Nylon Square Turner with the '194 Patent following its expiration.  See Exhibits 4, 5, 6, 7, 8 and 9

37. Despite the fact that the claims of the '190 Patent are no longer afforded patent protection, Defendants marked, affixed and/or advertised (or caused to be marked, affixed and/or advertised) at least its OXO "Good Grips" Swivel Peeler with the '190 patent following its expiration date.  See Exhibits 10 and 11.

38. Because all monopoly rights in the '034, '194 and '190 Patents have terminated, Defendants cannot have any reasonable belief that the products are patented or covered by these patents.

39. Defendants intended to deceive the public by marking, affixing and/or advertising (or causing to be marked, affixed and/or advertised) the products with the said patents.

40. Defendants knew that the products were not covered by the said patents when they were marked, affixed and/or advertised. Specifically, Defendants continue to distribute these products with labels that contain expired patent numbers, when these products and their labeling could be easily changed and/or removed so as to prevent the false marking. Nevertheless, Defendants continue to mark, affix and/or advertise (or cause to be marked, fixed and/or advertised) the products with the expired patents.

41. Therefore, Defendants intentionally deceived the public by labeling the products with the said patents.

## COUNT I
### (False Marking with Expired Patents)

42. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Defendants falsely marked the products with the '034, '194, and '190 Patents which have expired.

44. Defendants knew or reasonably should have known that marking, affixing and/or advertising the products with the said patents was in violation of 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

45. Defendants intended to deceive the public by marking, affixing, and/or advertising the products with the said patents.

## DAMAGES

46. Main Hastings, LLC, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

**JURY DEMAND**

47. Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

48. Plaintiff requests that the Court, pursuant to 35 U.S.C. § 292:

49. Enter judgment against Defendants and in favor of Plaintiff for the violations alleged in this Complaint;

50. Order Defendants to pay a civil monetary fine of $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff;

51. Enter a judgment and order requiring Defendants to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded;

52. Order Defendants to pay Plaintiff's costs and attorney fees; and

53. Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

_____

Scott E. Stevens
Texas State Bar No. 00792024
Gregory P. Love
Texas State Bar No. 24013060
Kyle J. Nelson
Texas State Bar No. 24056031
Stevens Love
P.O. Box 3427
Longview, Texas  75606
Telephone: 903-753-6760
Facsimile: 903-753-6761
scott@stevenslove.com
greg@stevenslove.com
kyle@stevenslove.com

**ATTORNEYS FOR PLAINTIFF**
**Main Hastings, L.L.C.**